UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L. BEECHER, as Receiver for MCUBE PETROLEUM, INC., a Washington corporation, BASILAM PETROLEUM, LLC, a Washington limited liability company, DISKI PETROLEUM, LLC, a Washington limited liability company, and HALMAHERA-REMBANG, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP, a California limited liability partnership; ROBERT L. MIRACLE and JANE DOE MIRACLE, husband and wife and the marital community; and VICTORIA PEARSON, a single person,<br><br>Defendants. | Case No. 09-5661 RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND |

This matter comes before the Court on Defendant's Motion to Stay and Compel Arbitration (Dkt. 7), and Plaintiff's Motion for Remand (Dkt. 12). The Court has considered the relevant documents and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 2009, the Plaintiff filed a complaint against the Defendant Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP ("Glaser Weil") in Pierce County Superior Court in the State of Washington alleging legal malpractice, professional negligence, breach of fiduciary

ORDER - 1

duty, self-dealing, violation of the Washington State consumer protection act, conversion, and civil conspiracy. Dkt. 1, pp. 3-10.

On October 21, 2009, Defendant Glaser Weil removed the case from Pierce County Superior Court to federal district court based on diversity jurisdiction. Dkt. 1. On October 26, 2009, Plaintiff amended his complaint to add Defendants Robert L. and Jane Doe Miracle, and Victoria Pearson. Dkt. 3.

On October 29, 2009, Defendant Glaser Weil filed a motion to stay the case and compel arbitration. Dkt. 7. On October 30, 2009, Plaintiff filed a motion to remand the case to Pierce County Superior Court arguing that Robert Miracle, who is a Washington state resident, destroyed complete diversity in this action. Dkt. 12. The Court has considered the Plaintiff's and the Defendant's motions together because both could have preclusive effect on the case in federal court.

Plaintiff William Beecher is the receiver for Mcube Petroleum, Basilam Petroleum, Diski Petroleum, and Halmahera-Rembang. Dkt. 3, p. 1. Mcube Petroleum ("Mcube") is a firm incorporated in the State of Washington. Dkt. 3, ¶ 3.1. Basilam Petroleum, Diski Petroleum, and Halmahera-Rembang are subsidiaries of Mcube ("subsidiaries"). Dkt. 3, ¶ 3.1, 3.2 . Mcube and its subsidiaries were in the business of oil and gas extraction. *Id*. Robert Miracle was an officer and director of Mcube. Dkt. 3, ¶ 3.2.

It is alleged that Robert Miracle induced approximately 400 persons or entities to invest in Mcube and its subsidiaries by promising the investors and creditors high rates of return from fictitious revenue streams generated from the sale of oil and gas produced from oil and gas fields located in Indonesia. Dkt. 3, ¶ 3.3. Plaintiff alleges that Mcube, the subsidiaries, and Robert Miracle engaged in the practice of paying earlier investors and creditors solely from the proceeds of illegal sale of securities to later investors and creditors, or what is commonly known as a Ponzi scheme. Dkt. 3, ¶ 3.3.

One investor/creditor was the Paul P. Rusnak Trust ("Trust"), which loaned Mcube $10 million. Dkt. 3, ¶ 3.4. The Trust obtained the services of Glaser Weil to conduct due diligence regarding the loan to Mcube. Dkt. 3, ¶ 3.5. Victoria Pearson participated in negotiating the

ORDER - 2

Trust loan transaction and in drafting the loan documents on behalf of the Trust. Dkt. 3, ¶ 3.6. Ms. Pearson is also the daughter of the trustor, Paul Rusnak, and a beneficiary of the Trust. Dkt. 3, ¶ 3.6. In conjunction with the Trust loan, Ms. Pearson was appointed to Mcube's Board of Directors. Dkt. 3, ¶ 3.7. The terms of the loan were mutually accepted on April 18, 2006. Dkt. 3, ¶ 3.4.

In May of 2006, the Securities Division of the Washington State Department of Financial Institutions initiated an investigation into the sale of securities by Mcube and its subsidiaries. Dkt. 3, ¶ 3.9. In response to the investigation Mcube hired attorney Jack Loftis to advise Mcube regarding the securities issues. Dkt. 3, ¶ 3.11. Mr. Loftis produced a report on November 19, 2006, concluding that the sale of securities by Mcube and its subsidiaries had violated securities regulations. Dkt. 3, ¶ 3.11. It is alleged that, in order to protect the interests of the Trust, Ms. Pearson induced Mcube to retain Glaser Weil to conduct an investigation of the financial status and fundraising activities of Mcube and its subsidiaries. Dkt. 3, ¶ 3.12. It is also alleged that when Mcube obtained the services of Glaser Weil, the Trust was both a former or current client of both Ms. Pearson and Glaser Weil. Dkt. 3, ¶ 3.12. Plaintiff states that this was a conflict of interest and that no effort to obtain informed consent was made. Dkt. 3, ¶ 3.13. Finally, Plaintiff alleges that after the Loftis report and the hiring of Glaser Weil, Mcube continued to sell securities in violation of securities laws and to the detriment of Mcube. Dkt. 3, ¶ 3.14 - 3.18.

Plaintiff argues in his motion for remand that since Robert Miracle is a Washington state resident, complete diversity is destroyed in this action, and therefore, the case should be remanded to Pierce County Superior Court. Dkt. 12, p. 2-3. Defendant Glaser Weil opposes Plaintiff's motion for remand, arguing that Robert Miracle was added as a defendant only to defeat diversity jurisdiction, and that Mr. Miracle is not needed to adjudicate claims against Glaser Weil. Dkt. 27, p. 2.

## II. DISCUSSION

The Plaintiff's motion for remand revolves around 28 U.S.C. § 1447(e), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action

to the State court." The parties disagree as to the legal standard that should be used regarding the determination of whether the court should deny joinder or permit joinder in this case.

Defendant first argues that the Plaintiff should have sought the Court's permission to amend his complaint and join additional non-diverse parties. Dkt. 27, p. 9-10. Defendant contends that while Fed.R.Civ.P. 15(a) gives Plaintiff the right to amend, 28 U.S.C. § 1447(e) preempts that right, and that Fed.R.Civ.P. 12(f)(1) gives the Court authority to disregard the Plaintiff's improper amended complaint. Dkt. 27, p. 10.

Defendant further argues that even if the Plaintiff properly sought leave to amend, joinder should still be rejected because it was brought for the purpose of defeating jurisdiction. *Id*. Defendant cites a five factor test to support their argument that the joinder was brought for the purpose of defeating jurisdiction. *Id*. The Defendant, in essence, argues that when deciding whether to permit or deny joinder under §1447(e), the court should consider: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1082 (C.D. Cal. 1999)(*citing* Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, P 2:1078 (TRG 1998); *see also McKown v. Simon Property Group, Inc*., C08-5754BHS, 2009 WL 1110436.

Plaintiff disagrees with the legal standard set forth by Defendant, and instead argues that the Court should use the "fraudulent joinder" standard in determining whether to permit or deny joinder. Dkt. 30, p. 4. The joinder of a resident defendant is fraudulent when a plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)(*citing McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987)).

The Court is persuaded by the Plaintiff's argument that the fraudulent joinder standard should be used in determining whether the Court should permit or deny joinder under 28 U.S.C.

ORDER - 4

§1447(e). The Defendant's argument that 28 U.S.C. §1447(e) nullifies Fed.R.Civ.P. 15(a) or requires Plaintiff to seek permission to join parties even under Fed.R.Civ.P. 15(a) is unsupported by the law. 28 U.S.C. §1447(e) is merely intended to take "advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." H.R. REP. NO. 100-889, at 73 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6033. It is just another method for controlling the scope of diversity jurisdiction in federal courts. *See Id.*

The Defendant also cites *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998) to support its argument, but the case does not stand for what the Defendant asserts. The Court in *Newcombe* only held that (1) 28 U.S.C. § 1447(e) gave discretion to the district court to deny joinder, (2) that the abuse of discretion standard was the appropriate standard for reviewing the district court decision, and (3) the district court did not abuse its discretion. *Newcombe*, 157 F.3d at 691. *Newcombe* does not set forth a mandatory standard that would guide the Court in determining whether or not to grant or deny joinder, nor does it state that the fraudulent joinder standard should not be taken into consideration. The Defendant's argument is unavailing.

The Defendant's second contention that the five factors test in *Clinco* is the only standard that should be applied when determining whether joinder should be granted or denied is also without support. The cases cited by Defendant are without controlling effect, and the five factors enunciated in *Clinco* are only suggested issues the Court may consider at its discretion in deciding the joinder issue. For the foregoing reasons, the Plaintiff's proposed legal standard is the appropriate and controlling legal standard in this case.

Federal District Courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). An action may be removed to federal court only where there is complete diversity of citizenship. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)(*citing Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 136 L.Ed.2d 437, 117 S.Ct. 467 (1996)). One exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009)(quoting *Morris v.*

ORDER - 5

*Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

There is a general presumption against fraudulent joinder. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)(*citing McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The district court may ignore the presence of the fraudulently joined defendant for the purpose of establishing diversity. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

To establish a common law claim for civil conspiracy in Washington state, the Plaintiff must "prove by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." *Bonneville, v. Pierce County*, 148 Wash.App. 500, 518, 202 P.3d 309 (2008).

In this case, the Plaintiff has alleged sufficient facts to support a cause of action against Robert Miracle, a resident defendant. The Plaintiff has alleged that Defendants Glaser Weil, Robert Miracle, and Victoria Pearson combined to induce Mcube into selling securities which violated Washington state securities law, and that there was an agreement to accomplish the conspiracy. While at this stage of litigation the facts may be in dispute, the Federal Rules of Civil Procedure only require a short and plain statement of the right to relief and that pleadings must be construed so as to do justice. Fed.R.Civ.P. 8(a), (e). The Plaintiff has presented more than enough in his amended complaint to support a cause of action against Mr. Miracle for civil conspiracy. Since Plaintiff asserts a valid cause of action against Mr. Miracle, the joinder of him as an additional defendant was not a fraudulent joinder. Mr. Miracle's addition to this action destroys complete diversity, and this action should be remanded to Pierce County Superior Court.

Even if the Court considers the five factors in *Clinco*, as is advocated by the Defendant, the result is the same. First, Mr. Miracle is central to the alleged Ponzi scheme and his actions

ORDER - 6

are relevant to the actions of Mcube during the time period in which Glaser Weil and Victoria Pearson were involved with Mcube. Mr. Miracle is needed for a just adjudication and would be a necessary party. Second, the statute of limitations does not appear to be a factor in this case and would not prevent the filing of a new action against the new defendant. Third, there is no unexplained delay in seeking joinder. The action was initially filed on October 5, 2009. The amended complaint was filed on October 26, 2009. The Defendant argues that the Plaintiff knew all the relevant facts necessary to add Mr. Miracle as a defendant at the inception of the case and that there are no newly discovered facts to explain the late addition of Mr. Miracle. However, the Court is satisfied with the Plaintiff's explanation for the addition of Mr. Miracle after removal and that the delay in seeking joinder was *de minimis*. Fourth, while Defendant argues that the addition of Mr. Miracle is solely for the purpose of defeating federal jurisdiction, the Court finds that Mr. Miracle's role in the Ponzi scheme and alleged actions are so intertwined that it is difficult to bifurcate his actions from the other defendants. Mr. Miracle is necessary in this case. Additionally, the Court is satisfied with Plaintiff's explanation of events in this case. Fifth, the claim against the new party seems valid. As noted above, Mr. Miracle's actions are relevant to the claim of civil conspiracy. Balancing the factors stated in *Clinco*, Mr. Miracle's addition to this case is necessary and warranted, and therefore, joinder of Mr. Miracle should be approved. Mr. Miracle's addition to this action destroys complete diversity, and this action should be remanded to Pierce County Superior Court.

Finally, Defendant Glaser Weil filed a surreply in this matter, in which Defendant Victoria Pearson joined, asserting that the Plaintiff's evidence is incompetent, irrelevant, and improper. However, the Defendant does not cite authority to support its argument. Even if the Court did not consider Mr. Brain's Declaration and exhibits attached to Plaintiff's Reply, the Court's conclusion would remain unchanged; Plaintiff has alleged enough to support a cause of action against Mr. Miracle, and therefore, remand is appropriate. As such, the Defendants' request to strike Plaintiff's declarations is denied.

# III. ORDER

For the foregoing reasons, it is hereby **ORDERED**:

(1) Plaintiff's Motion for Remand to Pierce County Superior Court (Dkt. 12) is **GRANTED**;

(2) Defendant's Motion to Stay and Compel Arbitration (Dkt. 7) is **STRICKEN** as moot;

(3) the case is remanded to the Superior Court of Pierce County, Washington from which it was removed for further adjudication.

(4) Defendants' request to strike (Dkt. 34) Brain Reply Declaration and exhibits to Plaintiff's Reply in Support of Motion to Remand is **DENIED**.

(5) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of December, 2009.

/s/ Robert J. Bryan

Robert J. Bryan
United States District Judge